GEORGE M. CARPENTER, defendant below, appellant *v.*
NATHANIEL H. PHILLIPS, plaintiff below, respondent.

A partial failure of the consideration, is no defence in an action upon a
due bill. If the purchaser of a horse pays a larger part of the price
agreed to be given for him, and gives his due bill for the balance, and
afterward discovers a latent disease and defect in him and in consequence
of it soon sells him to another for less than the amount of the due bill,
it will not be such a failure of the consideration for which it was in part
given, as will constitute a defence to an action upon it.

But if the seller knew of such disease and defect in the horse at the time
of the sale and fraudulently concealed it from the purchaser, or falsely
deceived him in regard to it, it will constitute such a fraud as will vitiate
the sale, and he will not be entitled to recover in the action upon it.

PRONARR in assumpsit on appeal. The action was upon
a due bill for forty dollars from Carpenter to Phillips and
the proof was that in a trade between them for a horse,
Carpenter had given Phillips a sulkey and harness worth
$35 and $50 in cash and the due bill in question for the
horse, which the latter had assured him was a right kind
of a horse, which would suit him, or any other man ; but
although apparently good and sound, in consequence of
a lump or cancer at the root and on the upper surface of

his tongue, which was only perceptible on opening his mouth very wide and specially looking for it, and which prevented him from eating hay or fodder, but not corn, or oats, and which Carpenter soon afterward discovered, he sold him to a purchaser with full knowledge of the defect for $30.

Upon these facts it was contended by the counsel for the respondent that a partial failure of the consideration for which the note had in part been given, was no legal defence to the action, and that nothing short of a total failure of the consideration, could avail for that purpose. *Story on Sales* 425. *Add. on Contr.* 457.

For the appellant it was contended that the sale was attended with a fraudulent concealment of the defect in the horse known at the time to the respondent, and that such a fraud would vitiate the whole transaction, and would constitute a good defence to the action on the note, although a partial failure of the consideration alone would not. But the evidence showed more than that, for it showed a total failure of the consideration for which it had been given, inasmuch as the sulkey and harness worth $35 had been delivered and $50 in money had already been paid for the horse, which in fact was worth but $30. If a party sells a horse with a warranty of soundness for the price of which the purchaser gives a bill of exchange and afterward discovers him to be unsound and offers to return it to the seller, who refuses to receive it, and an action is brought by him on the bill of exchange against the purchaser, and the latter proves that the former knew at the time of the sale that he was unsound, he cannot recover; for such is clearly a fraud, and no one can recover the price of goods sold under a fraud. 2 *Taunt.* 2. 7 *East* 479.

For the respondent it was replied that such a defence would in effect be equivalent to pleading the amount already paid as a set-off against the original cause of action in the case, not only without any such special plea entered in the case, but when the action is upon the note

itself, and not upon the original consideration for which it had in part only been given. A total failure of consideration, such as is contemplated in law, could not be made or ciphered out, however, in any such ingenious way as had been attempted on the other side. For the failure of consideration in such cases, must be total and absolute. Unless, therefore, it had been proved to the satisfaction of the jury that the respondent knew of the defect in the horse at the time of the sale of him to the appellant, and was guilty of some fraudulent concealment of it, or some deceit in regard to it, it could be no defence in the present action.

*The Court, Gilpin, C. J.,* charged the jury: When the action was upon a bill of exchange, or a promissory note, or a due bill like the one in question, a partial failure of the consideration for which it was given, was no defence. On the contrary, if the goods, or consideration received for it were of any value, the partial failure of their worth or value will be of no avail as a defence to the action, and the plaintiff would be entitled to recover the whole amount of the note, or bill, with interest from the date of it, and the defendant in such a suit will be left by the law to his remedy by an action against the other party to recover damages for such partial failure of the consideration, or of the value of the article for which it was given. If, therefore, the horse in question was of any value at the time of the sale of him by the plaintiff to the defendant, the fact that he was not worth the total price agreed to be paid for him, would of itself alone be no defence in the action then pending. But if he was of less value for the reason which had been alleged and stated by witnesses who had been sworn and examined in the trial of the cause, and the plaintiff knew at the time of the sale that he had any such disease or defect as had been described by them and fraudulently concealed it from the defendant, or falsely deceived him in regard to such a latent or hidden disease or defect, then it would

constitute such a fraud as would vitiate the sale, and he
would not be entitled to recover in the action on the bill
in question.

*Cullen*, for the plaintiff.

*Paynter*, for the defendant.